IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 16 PM 4: 48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,        X
                                 X
        Plaintiff,               X
                                 X
vs.                              X        No. 03-20059-Ma
                                 X
LATONIE MASON,                   X
                                 X
        Defendant.               X
                                 X

---

ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE

---

Defendant Latonie Mason, Bureau of Prisons inmate registration number 18878-076, an inmate at the Federal Medical Center, Carswell, in Fort Worth, Texas, has filed multiple letters and a motion to reduce her sentence in this criminal case, which the Court construes collectively as a motion for modification of her sentence pursuant to 18 U.S.C. § 3582.

On March 4, 2003, a grand jury issued an indictment charging defendant with fifteen counts of mail fraud and access device fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1029(a)(2). Mason entered a plea of guilty to one count of mail fraud and one count of access device fraud. On December 9, 2003, the Court conducted a sentencing hearing and on December 10, 2003, entered a judgment sentencing defendant to 78 months in prison, followed by an three-year period of supervised release.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _11-21-05_

71

Mason appealed initially challenging the imposition of a two-level enhancement for obstruction of justice and the denial of a two-level reduction for acceptance of responsibility under the United States Sentencing Guidelines ("USSG").  While Mason's case was on appeal, the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Mason was allowed to supplement her brief on appeal with additional claims under those decisions.  The Sixth Circuit determined that Mason was not entitled to relief under Blakely, Booker, or on any other issue presented for review and affirmed her sentence.  United States v. Mason, No. 04-5015, 2005 WL 2087788 (6th Cir. Aug. 25, 2005).

While Mason's direct appeal was pending, she filed a series of letters and a motion with the district court seeking modification of her sentence under Blakely and  Booker.  She also seeks to be resentenced to home confinement, rather than imprisonment.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence.  Eighteen U.S.C. § 3582(b)(3) provides as follows:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
>     . . . .
>
> (3)  appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Section 3742 establishes the procedure for appellate review of a criminal judgment and allows a court to modify a sentence on remand from an appellate court. Defendant's conviction is not on remand to this court. Her claims under <u>Blakely</u> and <u>Booker</u> were addressed on direct appeal. Mason's sentence was affirmed and she is not entitled to any relief under § 3742.

Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

The Court may not modify a term of imprisonment once it has been imposed except that—

(1)  in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

(i)  extraordinary and compelling reasons warrant such a reduction;

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

3

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) is applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Mason's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

Under 18 U.S.C. § 3585(b), the task of implementing a federal criminal sentence is reserved for the Attorney General through his designee, the BOP. United States v. Wilson, 503 U.S. 329, 334 (1992). Eighteen U.S.C. § 3621 delegates to the BOP the authority and discretion to designate the place of imprisonment for all federal prisoners. Release of federal prisoners is governed by 18 U.S.C. § 3624(c), which permits the BOP, in the exercise of its sole

discretion, to release a prisoner to community corrections or home confinement before a mandatory release date.

> While there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.

Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992). The BOP is vested with the discretion to fix the terms and conditions governing a prisoner's release. United States v. Laughlin, 933 F.2d 786, 789-90 (9th Cir. 1991). See also United States v. Mizerka, Cr. No. 90-3060FR, 1992 WL 176162 at *2 (D. Ore. July 16, 1992)("18 U.S.C. § 3624(c) does not require the Bureau of Prisons to provide for confinement in a community corrections center prior to the end of the term of imprisonment that was imposed.").

Section 3624(c) provides in relevant part as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percentum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  (Emphasis added)

Section § 3624 vests absolute discretion in the BOP to determine whether to release a prisoner to home confinement during the last six months of a term of imprisonment. Mason is not within six months of release from her imposed prison term and clearly has no right to the requested relief.

This Court lacks the jurisdiction to grant relief under either 18 U.S.C. § 3582 or § 3624. For all the foregoing reasons, defendant's motion for modification of her sentence is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this ___16th___ day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 71 in
case 2:03-CR-20059 was distributed by fax, mail, or direct printing on
November 21, 2005 to the parties listed.

---

Latonie Mason
FCI-TALLAHASSEE
18878-076
501 Capital Circle, N.E.
Tallahassee, FL 32301

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT